IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BROTHERTON,

   Petitioner,

v.

CYNTHIA CARTER,

   Respondent.

Civil Action No.:  JRR-23-2187

**MEMORANDUM OPINION**

      In a Memorandum Opinion issued on April 8, 2024, this Court found that Petitioner David Brotherton had generated a dispute of material fact as to whether he was provided copies of the Disciplinary Hearing Officer ("DHO") written decisions and written notice of the disciplinary action taken regarding incidents of October 8 and 30, 2018.  ECF 11.  As a result, the court denied Respondent's Motion to Dismiss or for Summary Judgment.

      Respondent has now filed a Motion to Dismiss the Petition as moot.  ECF 13.  Respondent explains that on April 18, 2024, the Bureau of Prisons ("BOP") expunged incident report 3178775 and restored 41 days of good conduct time to Brotherton.  Incident report 3186530 was also expunged and the 27 days of good conduct time revoked for that infraction was restored.  ECF 13-1 at 2, ¶¶ 2-3; ECF 13-2 at 2; ECF 13-3 at 2.

      Brotherton opposes the Motion to Dismiss and argues that his Petition is not moot because had he not received the infractions that have now been expunged, he would have been in a Residential Drug Abuse Program ("RDAP") one year earlier and he would have been released from custody.  ECF 15 at 1-2.  He seeks an order requiring his release.

In a Reply, Respondent states, in relevant part, that Brotherton is not entitled to a one-year retroactive RDAP placement because the prejudice with regard to his RDAP status was asserted for the first time in his opposition and any effort to amend the Petition to include this claim is inappropriate. ECF 16 at 3. Further, Respondent argues the proposed amended claim is futile such that Fed. R. Civ. P. 15(a) permits this court to deny leave to amend. *Id*. Respondent asserts that the amended claim is futile because federal inmates do not have a constitutional right to RDAP or in discretionary early release. Respondent adds that Brotherton is already participating in RDAP and that the DHO reports did not prohibit his participation.[1] *Id*. at 4. Brotherton was in RDAP before the DHO reports were expunged and began "accumulating hours in RDAP on May 31, 2023." ECF 16-1 at 7.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the

---

[1] Under 28 C.F.R. § 550.53(c) and (d), "inmates may apply to RDAP by submitting a request to a staff member, or the psychologist, who, upon completion of the intake screening, will refer inmates with substance abuse history and an interest in the treatment." ECF 16-1 at 3, ¶ 4. For admission into a program, "the inmate must (1) have a verifiable substance use disorder; (2) sign an agreement acknowledging program responsibility; and (3) must be able to complete all three phases of treatment." *Id*. at ¶ 5, citing 28 C.F.R. § 550.53(b).

2

exercise of judicial power depends upon the existence of a case or controversy." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).

Here, Brotherton's claim concerned two disciplinary charges he received while he was confined to FCI-Edgefield in Edgefield, South Carolina. ECF 5-1 at 3, ¶ 6. The focus of the entire case has been whether Brotherton was provided with adequate notice of the DHO's written decision. Now that the disciplinary charges have been expunged and the GCT restored, the claim as presented in the Petition is moot. Nothing remains for this court to decide regarding Brotherton's disciplinary proceedings.

To the extent Brotherton seeks to revive his claims by adding an additional claim regarding his RDAP placement, he may not do so. *See Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 692 (D. Md. 2017) (stating it is axiomatic that a plaintiff may not use their memorandum in opposition to amend the complaint); *Allegis Group, Inc. v. Bero*, 689 F. Supp. 3d 81, 142 (D. Md. 2023) (same); *see also Equal Rights Ct. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010) (amendment of complaint may be denied when the amendment is prejudicial to the opposing party because it is belated and changes the nature of the litigation). The claim is also without merit.

Under 18 U.S.C. § 3621, the BOP "shall make available substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. 18 U.S.C. § 3621(b). Prisoners convicted of non-violent offenses who successfully complete a treatment program may have their remaining period of confinement reduced by up to one year. *See* 18 U.S.C. § 3621(e)(2)(B). Otherwise, prisoners who successfully complete an RDAP shall remain in the custody of the BOP under such conditions deemed appropriate. *See* 18 U.S.C. § 3621(e)(2)(A). The BOP has been empowered by Congress to exercise its discretion in

determining which inmates may receive early release under 18 U.S.C. § 3621(e)(2)(B). Any determination that Brotherton does not qualify for early release is an exercise of the BOP's discretion pursuant to 18 U.S.C. § 3621 and is not subject to judicial review.

For these reasons, the Petition shall be dismissed as moot by separate Order which follows.

_9.24.2024_____  
Date

_/S/_____  
Julie R. Rubin  
United States District Judge